(114 So. 594)

No. 28909.

## TOWN OF AMITE CITY v. CENTRAL LOUISIANA POWER CO.

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

Appeal and error ☞635(3), 753(2)—Appeal from order granting preliminary injunction would be rejected where testimony was not recorded and assignment of errors was not timely filed (Code Prac. art. 897).

Where, on an appeal from an order granting a preliminary injunction, there was no record of the testimony heard at the trial of the rule to show cause why the injunction should not issue, and where the assignment of errors was not filed within ten days as required by Code Prac. art. 897, *held* that the reviewing court must reject the appeal.

Appeal from Twenty-First Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Application by the Town of Amite City for a restraining order and temporary injunction against the Central Louisiana Power Company. A temporary injunction was issued, and a suspensive appeal from such order was granted defendant. On motion to dismiss appeal. Appeal dismissed.

Purser & Magruder, of Amite, for appellant. Shelby S. Reid, of Amite, for appellee.

O'NIELL, C. J. This is a suspensive appeal from an order granting a temporary injunction. The testimony heard on the trial of the rule to show cause why the injunction should not issue was not reduced to writing or taken down stenographically; and, although the record was filed in this court more than ten days ago, the appellant has not filed an assignment of errors. For that reason the plaintiff has moved to dismiss the appeal.

Article 897 of the Code of Practice provides that, where there is no record of the testimony or statement of facts, and where, therefore, the appellant relies upon what he deems to be an error of law appearing on the face of the record, he must, within ten days after the record is brought up, file an assignment of errors, stating specifically what errors he complains of; otherwise the appeal shall be rejected.

It is not necessary to decide whether, in any and every civil case presenting only questions of law appearing on the face of the record, a failure of the appellant to file an assignment of errors within ten days is a cause for dismissing the appeal. This appeal is from an order granting a preliminary injunction, and the record does not furnish any information as to whether the injunction should or should not have been issued. No good purpose could be served by overruling the motion to dismiss and affirming the order or judgment appealed from. The attorneys for the appellant seem to realize that that is the condition of the record, for they have not filed a brief or otherwise opposed the motion to dismiss.

The appeal is dismissed.